UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ELIZABETH PADILLA, et al.,

Plaintiffs,

v.

WESTERN TRAFFIC CONTROL, INC.,

Defendant.

Case No. 25-cv-07642-RS

**ORDER GRANTING IN PART MOTION TO DISMISS**

## I. INTRODUCTION

Defendant Western Traffic Inc.'s motion to dismiss Plaintiffs' state labor law claims hinges on a collective bargaining agreement. Defendant argues that agreement triggers federal preemption over all of Plaintiffs' claims; requires compliance with internal grievance procedures with which Plaintiffs have not pled compliance; and waives Plaintiffs' rights to bring these claims. Finding that some of Plaintiffs' claims arise out of the collective bargaining agreement rather than state law, they are preempted by federal law and must be dismissed for failure to comply with the collective bargaining agreement. Accordingly, Defendant's motion to dismiss is granted in part as set forth below.

## II. BACKGROUND[1]

Plaintiffs Elizabeth Padilla and Armando Bernal, ("Plaintiffs") are former employees of Western Traffic Control, Inc. ("Defendant" or "Western Traffic"). Western Traffic asserts that

---

[1] Unless otherwise stated, well-pled factual allegations made in the complaint are accepted as true.

United States District Court
Northern District of California

Plaintiffs were represented by the Northern California District Council of Laborers of the Laborers' International Union of North America ("Laborer's Union"). Western Traffic and the Laborer's Union have a Master Collective Bargaining Agreement ("CBA") which contains a mandatory grievance and binding arbitration procedure applying to disputes concerning wages, hours, meal periods, rest periods, and other working conditions. The CBA also outlines specific rules for payment of wages, waiting time penalties, minimum wage classifications, meal periods, rest periods, overtime, and vacation pay.

In 2024 the Laborers' Union dispatched Plaintiffs to work for Western Traffic in the traffic control positions of Journeyman and Apprentice. Plaintiffs allege that Defendant failed to pay overtime and minimum wages; provide meal and rest periods; make timely wage payments and pay related time penalties; provide accurate wage statements; indemnify employees for necessary expenditures; and pay interest on deposits. Plaintiffs also assert Defendant has violated California's Unfair Competition Law ("UCL"). Plaintiffs do not allege that they brought these contentions to Western Traffic for internal grievance and arbitration procedures required by the CBA.

Instead, on July 8, 2025, Plaintiffs filed a complaint against Western Traffic as individuals and on behalf of all others similarly situated in California Superior Court. The complaint alleges a representative Private Attorneys' General Act of 2004 ("PAGA") action for civil penalties under California Labor Code sections 210, 226.3, 558, 1174.5, 1197.1, and 2699 and a derivative UCL claim. On September 8, 2025, Defendant filed a Notice of Removal to the Northern District of California, San Francisco Division. Western Traffic now moves to dismiss all of Plaintiffs' claims.

## III. LEGAL STANDARD

A complaint must contain a short and plain statement of the claim showing the pleader is entitled to relief. Fed. R. Civ. P. 8(a). While "detailed factual allegations" are not required, a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). However, "[t]hreadbare recitals of the elements of a cause of action, supported

ORDER GRANTING IN PART MOTION TO DISMISS
CASE NO. 25-cv-07642-RS

2

by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "[T]he same standard of review applicable to a Rule 12(b) motion applies to its 12(c) analog" because the motions are "functionally identical." *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). After the pleadings are closed, but early enough not to delay trial, a party may move for judgment on the pleadings. Fed. R. Civ. P. 12(c). Dismissal under Rules 12(b)(6) or 12(c) may be based on either the "lack of a cognizable legal theory" or on "the absence of sufficient facts alleged" under a cognizable legal theory. *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013) (internal quotation marks and citation omitted); *Dworkin*, 867 F.2d at 1192. When evaluating such motions, courts "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).

## IV. DISCUSSION

### A. Section 301 Preemption

#### i. Legal Standard

Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 ("Section 301") preempts "any state cause of action for violation of contracts between an employer and a labor organization." *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.,* 463 U.S. 1, 23 (1983) (quotation marks omitted). "In other words, § 301 preemption transforms a state law claim into a federal claim for the violation of a collective bargaining agreement," *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, 150 F.4th 1076, 1085 n.6 (9th Cir. 2025). Whether a claim is preempted by Section 301 is a two-step inquiry: Section 301 preempts a plaintiff's state law claim only where the claim (1) "arises entirely from" a collective bargaining agreement or (2) "requires interpretation of" the agreement. *Alaska Airlines Inc. v. Schurke*, 898 F.3d 904, 920–21 (9th Cir. 2018) (en banc). "[A] claim that 'involves a right conferred upon an employee by virtue of state law' is not preempted at step one." *Renteria-Hinojosa*, 150 F.4th at 1089 (citing *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007)). At step two, a claim arising from state law still may be preempted if it is "substantially dependent on analysis of a collective bargaining agreement." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,

ORDER GRANTING IN PART MOTION TO DISMISS
CASE NO. 25-cv-07642-RS

3

1032 (9th Cir. 2016). A claim is not substantially dependent on analysis of a collective bargaining agreement when there is not "an active dispute over the meaning of contract terms. [A] hypothetical connection between the claim and the terms of the CBA is not enough to preempt the claim… nor is it enough that resolving the state law claim requires a court to refer to the CBA and apply its plain or undisputed language." *See also Renteria-Hinojosa*, 150 F.4th at 1089 (cleaned up). *See also Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053 (9th Cir. 2007).

In *Renteria-Hinojosa*, the Ninth Circuit held that claims related to minimum wages and accurate itemized wage statements, among others, "arise… from 'rights conferred by [California] state law'" and thus were not preempted under Section 301 by the collective bargaining agreement. *Id.* (citing *Burnside*, 491 F.3d at 1059).[2] With regard to overtime wage and meal and rest period claims, collective bargaining agreements govern rather than California Labor Code sections 510 and 511—and thus the claims are preempted by Section 301—if "the agreements expressly provide[] for the wages, hours of work, and working conditions of employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than state minimum wage." Cal. Lab. Code § 514.

With regard to untimely wage claims, collective "bargaining agreements govern, not [California Labor Code] section 204, if the[ agreements] provide for different pay arrangements" that separately satisfy section 204. *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, No. 2:23-CV-01413-DJC-DB, 2023 WL 6519308, at *4 (E.D. Cal. Oct. 5, 2023), *aff'd sub nom. Renteria-Hinojosa v. Sunsweet Growers, Inc.,* 150 F.4th 1076 (9th Cir. 2025) (citing Cal. Lab. Code 204(c)-(d)). "The requirements of… section [204] [are] deemed satisfied by the payment of wages for weekly, biweekly, or semimonthly payroll if the wages are paid not more than seven calendar days

---

[2] In a similar case *Hernandez v. Pac. Underground Constr., Inc* decided just before *Renteria-Hinojosa*, all of the claims, including wage-and-hours, minimum wage, and expense reimbursement claims, were remanded after finding that they existed under state law independently of the collective bargaining agreement, they did not depend on interpretation of the agreement, and thus they were not subject to Section 301 preemption. No. 25-CV-00489-PCP, 2025 WL 2301747 (N.D. Cal. Aug. 11, 2025).

ORDER GRANTING IN PART MOTION TO DISMISS
CASE NO. 25-cv-07642-RS

1    following the close of the payroll period." Cal. Lab. Code Section 204(d).

2        As for preemption based on judicial waivers or grievance procedures set out in a collective

3    bargaining agreement, the Ninth Circuit has rejected soundly that basis for preemption. In

4    *Renteria-Hinojosa*, it wrote,

5        Even assuming… [the] CBA waived Renteria-Hinojosa's right to a judicial
       forum, and that she must therefore pursue her claims through grievance
6       arbitration, Renteria-Hinojosa's claims do not "arise under" the CBA.
       Rather, her claims arise under state law. Sunsweet could have answered her
7       state law claims by arguing, as an affirmative defense, that the CBA dispute
       resolution provisions preclude litigation in state court and by moving to
8       compel arbitration… But the fact that a state court may need to interpret the
       CBA to determine whether Renteria-Hinojosa can maintain her claims in
9       state court does not change the state law nature of her claims… A state
       court may therefore "look to the CBA to determine whether it contains a
10      clear and unmistakable waiver of state law rights without triggering § 301
       preemption."
11

12   150 F.4th at 1092–93 (citing *Cramer v. Consol. Freightways Inc.*, 255 F.3d 683, 692 (9th Cir.

13   2001), *as amended* (Aug. 27, 2001)).

14       **ii.  Section 301 Preemption Analysis**

15       Here, Plaintiffs claims relating to Defendant's alleged failure to pay (1) minimum and (2)

16   overtime wages, (3) provide meal and (4) rest periods, (5) provide accurate wage statements, (6)

17   make timely wage payments and (7) pay related time penalties, (8) indemnify employees for

18   necessary expenditures, and (9) pay interest on deposits each sound in California labor law. Dkt.

19   1-1, Complaint, ¶¶ 15-39.[3] Western Traffic does not identify any interpretive dispute about a CBA

20   term that must be resolved.

21

22

23

24   [3] Plaintiffs cite various sections of the California Labor Code, including but not limited to sections
     210 (Penalty for Failure to Make Payments;  Action for Recovery;  Single Recovery), 222
25   (Withholding of Part of Wage), 223 (Payment of Less than Statutory or Contractual Wage Scale),
     226 (Itemized Statements;  Contents;  Inspection and Copying of Records;  Compliance with
26   Inspection Requests;  Violations;  Injunctive Relief;  Limitation of Application and Liability;
     Exception to Showing Total Hours Worked); 510 (Day's Work; Overtime; Commuting Time),
27   551 (One Day's Rest in Seven), 552 (Maximum Consecutive Working Days).

28                                                    ORDER GRANTING IN PART MOTION TO DISMISS
                                                     CASE NO.  25-cv-07642-RS

United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1.  Minimum Wage, Accurate Wage Statements, Failure to Indemnify, and Failure to Pay Deposit Interest Claims

Under *Renteria-Hinojosa*, the claims related to minimum wages and accurate wage statements have independent bases in state law and thus are not preempted by Section 301. *See Renteria-Hinojosa*, 150 F.4th at 1089. *See also* Cal. Lab. Code § 226 (regarding accurate itemized wage statements). For Plaintiffs' claims regarding failure to indemnify employees for necessary expenditures and pay interest on deposits, Defendant's only argument is that the grievance procedures trigger Section 301 preemption. For the same reasoning as in *Renteria-Hinojosa*, this argument fails. 150 F.4th 1076, 1092–93.

2.  Overtime Pay and Meal and Rest Claims

The claims regarding overtime and meal and rest periods are preempted if the CBA satisfies California Labor Code sections 514—by expressly providing for wages, hours worked and working conditions and providing premium wage rates for all overtime hours and a regular hourly rate of pay of at least 30% more than state minimum wage—"'with respect to all covered employees.'" Cal. Lab. Code § 514; *Renteria-Hinojosa v. Sunsweet Growers, Inc.*, No. 2:23-CV-01413-DJC-DB, at *3 (citing *Huffman v. Pac. Gateway Concessions LLC*, No. 19-CV-01791-PJH, 2019 WL 2563133, at *6 (N.D. Cal. June 21, 2019)). Here, the CBA satisfies sections 514 by providing for wages, hours worked, and working conditions as well as premium overtime rates and hourly wage rates greater than 130% of the state minimum for all covered employees. *See* Dkt. 8-2, Ex. D, Northern California AGC/Laborers Master Agreement 2022-2027 ("Collective Bargaining Agreement"), Sections 10, 18, 20(A); Dkt. 8-2, Ex. F, Laborers Wage & Fringe Benefit Rates. Accordingly, the claims relating to overtime pay and meal and rest periods arise from the CBA rather than state law and are preempted by Section 301.

3.  Timely Wage Payment and Penalty Claims

Claims regarding timely wage payments are preempted if the CBA provides for different wage arrangements that satisfy section 204 of the California Labor Code. Cal. Lab. Code Section 204(c)-(d). However, the CBA here does not. The CBA sets out a wage arrangement in which "[e]ach employee shall be paid wages in full each week before or at quitting time on the Individual

ORDER GRANTING IN PART MOTION TO DISMISS
CASE NO. 25-cv-07642-RS

Employer's regular pay day unless specific arrangements to the contrary are made in writing between the Individual Employer and appropriate Local Union of the Union." Dkt. 8-2, Ex. D., Collective Bargaining Agreement, Section 10(A). *See also* Dkt. 8, Defendant's Motion to Dismiss, at 10. Since the CBA allows for other arrangements made in writing which may not satisfy section 204, section 204(c)'s exemption does not apply, the untimely wage claims sound in state law rather than the CBA, and Section 301 preemption is not triggered.

4.  Preemption of the Entire PAGA Action

"[A] preemption determination as to one PAGA claim" does not "appl[y] to the remaining PAGA claims simply because they share the same statutory cause of action." *See Renteria-Hinojosa*, 150 F.4th at 1095. "'[A] PAGA action asserting multiple code violations affecting a range of different employees does not constitute "a single claim" in even the broadest possible sense.'" *Id.* (citing *Viking River Cruises, Inc. v. Moriana*, 596 U.S. 639, 654, (2022) (citation omitted), *reh'g denied*, —— U.S. ——, 143 S.Ct. 60, 213 L.Ed.2d 1145 (2022)). Accordingly, the remaining alleged violations of California labor law are not preempted even though they are brought together under Plaintiffs' PAGA action with their preempted overtime pay and meal and rest period claims.

**B. Overtime Pay and Meal and Rest Claims Barred by Failure to Follow CBA Grievance Procedures**

As discussed above, only Plaintiffs' state law claims regarding overtime pay and meal and rest periods are preempted by Section 301. Section 301 provides that "[s]uits for violation of contracts between an employer and a labor organization" are governed by federal substantive law. 29 U.S.C. § 185(a); *DelCostello v. International Broth. of Teamsters*, 462 U.S. 151, 163 (1983).

**i. Exhaustion Requirements Under Federal Labor Law**

"As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress." *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965). "Where, as here, the court converts an employee's state law claim into a § 301 claim, the [federal] exhaustion

United States District Court
Northern District of California

requirement applies to the converted claim." *Renteria-Hinojosa*, 150 F.4th at 1086 n.7 (citing (*Allis-Chalmers Corp. v. Lueck,* 471 U.S. 202, 220-21 (1985); *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024, 1036–37 (9th Cir. 2016)).

Plaintiffs "must first attempt to exhaust any mandatory or exclusive grievance procedures provided in the agreement." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 985–86 (9th Cir. 2007). The "failure to exhaust contractually mandated procedures precludes judicial relief for breach of the collective bargaining agreement[.]" *Id.* at 986. Accordingly, a plaintiff must allege in the complaint that they exhausted the grievance procedures. *See, e.g., Renteria-Hinjosa v. Sunsweet Growers, Inc.*, No. 2:23-CV-01413-DJC-DB, at *8 ("Plaintiff's claim for untimely wages — which the Court found to be preempted by the LRMA — must be dismissed for Plaintiff's failure to allege that she engaged in the grievance procedure at all[.]"); *Seid v. Pac. Bell, Inc.*, 635 F. Supp. 906, 909 (S.D. Cal. 1985) (Claim preempted by section 301 was dismissed for failure to exhaust remedies under the bargaining agreement, not merely because it was preempted.).

### ii.  Failure to Exhaust Grievance Procedures

With regard to their preempted claims, Plaintiffs here are "employee(s) seeking to vindicate personal rights under a collective bargaining agreement[, and so they] must first attempt to exhaust any mandatory or exclusive grievance procedures provided in the agreement" to survive dismissal of those claims. *See Soremekun*, 509 F.3d at 985–86. The CBA requires specific grievance and disputed charge procedures—including presenting their grievances to their employer or local union representative, allowing either to remedy or adjust their grievance within three days, and thereafter taking the grievance to an impartial arbitrator— for claims regarding overtime pay and meal and rest breaks, among others. Since Plaintiffs here fail to allege that they followed the required grievance procedures, their claims regarding overtime pay and meal and rest periods must be dismissed. Defendant's additional arguments for dismissal, including that any PAGA action is barred by the CBA's PAGA waiver, need not be reached at this time [4]

---

[4] Defendant's Request for Judicial Notice, Dkt. 9, regarding an order in another case implicating

United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

2

3

4

5

6

7

8

9

10

11

12

United States District Court
Northern District of California

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# V. CONCLUSION

For the foregoing reasons, Plaintiffs' claims regarding overtime pay and meal and rest periods are dismissed with leave to amend. Plaintiffs are instructed to file an amended complaint or advise the Court that they do not intend to amend by November, 10, 2025.[5]

**IT IS SO ORDERED**.

Dated: October 20, 2025

_____
RICHARD SEEBORG
Chief United States District Judge

---

PAGA waivers, is denied. The subjects of the request are not proper subjects for judicial notice.

[5] In the event no federally preempted claims are properly pled, it is unlikely supplemental jurisdiction would be exercised over remaining state law claims.

ORDER GRANTING IN PART MOTION TO DISMISS
CASE No. 25-cv-07642-RS

9